**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Proposed Attorneys for Donald Chae,
Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-12493-ES |
| DONALD CHAE, | Chapter 11 |
| | **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF EMPLOYMENT OF SMILEY WANG-EKVALL, LLP, AS GENERAL BANKRUPTCY COUNSEL; STATEMENT OF DISINTERESTEDNESS OF ROBERT S. MARTICELLO** |
| Debtor and Debtor-in-Possession. | **[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1) and 9013-1(o)]** |

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Donald Chae, the debtor and debtor-in-possession (the "Debtor"), applies to this Court for approval of employment of Smiley Wang-Ekvall, LLP ("Firm"), as his counsel pursuant to 11 U.S.C. § 330, and respectfully represents as follows:

## I.    BACKGROUND FACTS

### A.    General Background

The Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2021.  The Debtor is a 63-year old Korean American.  The Debtor emigrated from

*(vertical left margin)* SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  South Korea to Southern California as a teenager with his single parent mother in 1974. The

2  family had very little. During high school, the Debtor and his brother, Min Chae (collectively, the

3  "Chaes"), worked in the garment industry in downtown Los Angeles to help support their family.

4  The brothers assimilated by learning both English and Spanish, despite not previously speaking a

5  word of either prior to their arrival in the United States. The Debtor has been married to his wife,

6  Eun Hee Chae, for nearly 30 years, and they have two daughters, Leslie and Estelle.

7       The Debtor has more than 30 years of experience in real estate investment, development,

8  and management. The Debtor's specialty and expertise rest in creating vibrant and thriving

9  cultural retail centers at previously under-performing locations, particularly in ethnically diverse

10  areas. The Debtor, with his brother, built a substantial real estate portfolio. Min Chae recently

11  and unexpectedly passed away.

12       The Debtor's assets include real property and ownership interests in subsidiaries, which, in

13  turn, own other entities or assets, including real estate. The Debtor is the indirect owner of certain

14  real property developments. The real estate developments indirectly owned by the Debtor include

15  a mixed use development project known as "Plaza Mexico." Plaza Mexico is a 403,242 square-

16  foot community shopping center offering specialty retail and dining located in Lynwood,

17  California. The Debtor first became involved with Plaza Mexico in the late-1980s when he and

18  his brother assumed the lease of an abandoned Montgomery Ward department store. They then

19  purchased the building and acquired a nearby shopping center in order to create Plaza Mexico. In

20  October 2020, Plaza Mexico was valued at between $170,000,000 and $185,000,000.

21       The Debtor is also the indirect owner of a mixed use development project (the "Source

22  Master Development") in Buena Park, California, comprised of the following: (a) the 400,000

23  square-foot, three-story retail and entertainment center known as "The Source"; (b) a 50,000

24  square-foot seven-story office building (the "Office Building"), which is currently approximately

25  90% leased; and (c) a partially-completed seven-story, 178-room hotel (the "Hotel"). The Source

26  at Beach, LLC ("TSB"), owns the Source Master Development and it leases the Office Building to

27  The Source Office, LLC, and it leased the Hotel to The Source Hotel, LLC. Prior to development,

28  the site upon which the Source Master Development is situated was largely undeveloped land.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   The Source, the Office Building, and the Hotel were valued "as-is" at $265,200,000 (January

2   2020), $20,130,000 (December 2020), and $41,300,000 (May 2019), respectively.

3         The Debtor's debts are largely comprised of guaranties of loans or investments made to

4   subsidiaries.  Many of the guaranteed loans, while unsecured in this case, are secured by the real

5   estate or other property of the subsidiaries and, at this stage, remain contingent and unliquidated.

6   **B.    Related Bankruptcy Cases**

7         There are three related bankruptcy cases pending in the Central District of California.  The

8   owner of Plaza Mexico, Plamex Investment, LLC, Case No. 8:21-bk-10958-ES, and its parent,

9   3100 E. Imperial Investment, LLC, Case No. 821-bk-10958-ES, filed chapter 11 bankruptcy

10  petitions on April 14, 2021.  The prior lessee of the Hotel, The Source Hotel, LLC, filed a chapter

11  11 case on February 26, 2021, Case No. 8:21-bk-10525-ES.  All three cases are currently pending

12  before this Court.

13  **C.    The Reason for the Commencement of the Case**

14        The timing of this case resulted from the collection activities of one guaranty creditor, the

15  secured creditor of The Source Hotel, LLC (the "Source Hotel Debtor"), Shady Bird Lending,

16  LLC ("Shady Bird").  Shady Bird acquired the loan and the deed of trust on the Source Hotel

17  Debtor's leasehold interest in the Hotel from Evertrust Bank.  Pre-petition, Shady Bird commenced

18  litigation against the Source Hotel Debtor in state court, sought and obtained a receiver, and

19  scheduled a non-judicial foreclosure sale for March 1, 2021.  The Source Hotel Debtor filed its

20  case on February 26, 2021, in order to prevent the foreclosure sale.

21        Post-petition in the Source Hotel Debtor's case, Shady Bird filed motions for relief from

22  the automatic stay, to designate the Source Hotel Debtor's case a as a single asset real estate case,

23  and to excuse the receiver from the requirement of turning over the Source Hotel Debtor's assets.

24  During this same period, Shady Bird continued to pursue pending litigation against the Chaes on

25  account of their guaranties ("Guarantor Action").  Shady Bird obtained pre-judgment right to

26  attach orders and writs of attachment against the Chaes.  Shady Bird also filed a motion for

27  summary adjudication (the "MSA") in the Guarantor Action.  The state court's tentative ruling was

28  to deny the MSA, but the hearing was continued to July 28, 2021 for further briefing.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    Ultimately, the parties reached an interim settlement of the pending disputes.  The Source

2  Hotel Debtor, Shady Bird, the Debtor, and Min Chae entered into that certain *Stipulation for Relief*

3  *From the Automatic Stay and Ancillary Relief* (the "RFS Stipulation").  The RFS Stipulation was

4  approved by Court order in the Source Hotel Debtor's case.  The RFS Stipulation provided for a

5  consensual marketing and sale process of the Source Hotel Debtor's assets and, in particular, the

6  Hotel over an approximate three-month period and hopefully culminating in an auction.  The

7  proposed auction was set for September 30, 2021.  The RFS Stipulation set certain deadlines for

8  the submission of bids, the approval of a sale, and the closing of such sale.  Absent a Court-

9  approved sale to a qualified bidder that closed within the specified time period, Shady Bird was

10  authorized to proceed with its foreclosure sale.

11    As to the Debtor, by the RFS Stipulation and separate tolling agreements, Shady Bird

12  agreed to toll and extend the 90-day period under California Code of Civil Procedure § 493.030(b)

13  to terminate (by the filing of a bankruptcy) any liens arising from or created by Shady Bird's writs

14  of attachment or right to attach orders.  The "Tolling Period" (as defined in the RFS Stipulation)

15  was extended to and including 11:59 p.m. on the date of Shady Bird's foreclosure sale, *i.e.*,

16  October 4, 2021.  Shady Bird also granted the Chaes and others certain releases.

17    The Source Hotel Debtor's sale process ended on October 1, 2021.  Two potential buyers

18  submitted bids for the Debtor's assets, McKinney Capital and LCP Acquisitions.  McKinney

19  Capital bid $22,000,000 and LCP Acquisition bid $22,250,000.  The Source Hotel Debtor's sale

20  motion was initially heard on September 30, 2021, and the Court continued the hearing to October

21  1, 2021, in an effort to facilitate bidding.  However, neither bidder became a qualified bidder and

22  the Source Hotel Debtor's sale motion was denied.

23    Shady Bird's foreclosure sale proceeded on October 4, 2021.  Neither McKinney Capital

24  nor LCP Acquisition attended the foreclosure sale.  The foreclosure sale lasted less than ten

25  minutes and ended with Shady Bird acquiring the leasehold interest and its other collateral for a

26  $200,000 credit bid.

27    The Debtor filed this case on Sunday, October 3, 2021, during the Tolling Period.  The

28  filing of the Debtor's bankruptcy case automatically terminated any and all liens of Shady Bird

1    arising from its writs of attachment or right to attach orders.  Moreover, absent the bankruptcy

2    filing, Shady Bird could have proceeded with collection efforts.  As such, the filing of the

3    bankruptcy preserved the Debtor's assets for the benefit of all creditors.  While the timing of the

4    case was due to Shady Bird's collection activities, the Debtor has substantial other guaranty debt in

5    need of restructuring.  The Debtor filed bankruptcy in order to obtain a breathing spell during

6    which he can maximize the value of his assets (and, in particular, his ownership interests in the

7    various real estate projects) and to propose a plan that makes distributions amongst his creditors

8    on a fair and equitable basis.

9

10   **II.    <u>PROPOSED EMPLOYMENT</u>**

11        The Debtor requires the services of the Firm to:

12        1.      Advise the Debtor with respect to the requirements and provisions of the

13   Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee

14   Guidelines and other applicable requirements which may affect the Debtor;

15        2.      Assist the Debtor in preparing and filing his schedules and statement of financial

16   affairs, complying with and fulfilling U.S. Trustee requirements, and preparing other documents

17   as may be required after the initial filing of a chapter 11 case;

18        3.      Assist the Debtor in the preparation of a disclosure statement and formulation of a

19   chapter 11 plan of reorganization;

20        4.      Advise the Debtor concerning the rights and remedies of the estate and of the

21   Debtor regarding adversary proceedings which may be removed to, or initiated in, the Bankruptcy

22   Court; and

23        5.      Represent the Debtor in any proceeding or hearing in the Bankruptcy Court in any

24   action where the rights of the estate or the Debtor may be litigated or affected.

25

26   **III.   <u>THE FIRM'S QUALIFICATIONS</u>**

27        The Firm's attorneys specialize in insolvency, reorganization, bankruptcy law, real estate

28   law, and are well qualified to represent the Debtor.  All attorneys comprising or associated with

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

the Firm who will render services for the Debtor are duly admitted to practice in the courts of the State of California and in the United States District Court for the Central District of California. A copy of the Firm's resume, including the Firm's current billing rates, is attached as Exhibit "1."

## IV.    TERMS OF PROPOSED EMPLOYMENT

The terms of employment of the Firm agreed to by the Debtor, subject to approval of the Court, are as follows:

1.    _Hourly Fees._  The Firm will undertake representation of the Debtor at a rate of between $265.00 and $650.00, depending on the experience and expertise of the attorney or paralegal performing the work. The majority of the work will be performed by Robert S. Marticello and Timothy W. Evanston, whose rates are $610.00 and $340.00, respectively, and by Janet Hogan, a paralegal whose hourly rate is $265.00. However, the Firm reserves the right to have other attorneys of the Firm perform work in this case, as the Firm deems appropriate. The Firm's hourly rates are subject to periodic adjustment.

2.    _Retainer._  At the outset of its engagement, the Firm received a retainer of $180,000 for both the Debtor and Min Chae, $90,000 each (collectively, the "Retainer"). The Retainer was funded by a non-debtor party, Comex Food Services, Inc. ("Comex"). In order to replenish the Retainer and in anticipation of the Debtor's bankruptcy filing, the Firm received the amount of $85,000, inclusive of the filing fee, from non-debtor Comex. The Debtor is a director and owner of Comex. The Retainer was applied to pre-petition services and the filing fee, leaving a balance of $142,073.51 as of the Petition Date. The balance of the Retainer is maintained in the Firm's retainer account. Of the $142,073.51 balance of the Retainer on the Petition Date, the sum of $41,020.96 is the remaining portion of the $90,000 allocated to Min Chae. The Debtor shall be authorized to replenish the Retainer from a non-Debtor source as permitted by the terms of the Firm's engagement. (_See_ Ex. 2, Suppl., at 2.)

3.    _Modified Fee Application Procedures._  Using the modified fee application procedures described below, the Firm will draw down its fees and expenses on a monthly basis

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  from the Retainer.  Once the Retainer is exhausted, the Firm will seek approval of its fees and

2  expenses on an interim basis pursuant to Local Bankruptcy Rule 2016-1:

3      (a)    The Firm will submit to the Office of the United States Trustee ("OUST") a

4             monthly Professional Fee Statement ("Fee Statement") by the 20th day after

5             the end of the month during which professional services were rendered.

6             The Firm will attach its invoices as an exhibit to the Fee Statement.  In

7             addition, the Firm will serve a copy of the Fee Statement (with exhibit) on

8             the Debtor, and will serve a copy of the Fee Statement (without exhibit) on

9             the creditors' committee and committee counsel (if any), all parties on the

10            ECF NEF list, and parties who have filed a request for special notice with

11            the Court.

12     (b)    If no written objection and request for hearing is filed and served on the

13            Firm within ten (10) days after service of the Fee Statement, the Firm may

14            draw down its fees and expenses for which notice was given, without

15            further notice, hearing or order thereon.  Any failure by any party to object

16            to any Fee Statement shall not be deemed to be or construed in any manner

17            to constitute a waiver of any objections such party may have to the request

18            for payment at a later time.  Any party that does not object to a Fee

19            Statement shall be entitled to raise all of its objections at the next hearing on

20            the interim and/or final fee application, as the case may be.

21     (c)    If timely opposition is received, the Firm will schedule the matter for

22            hearing in accordance with the procedure established by Local Bankruptcy

23            Rule 9013-1(o)(4).  Pursuant to 11 U.S.C. §§ 330 and 331, the Firm shall

24            file and serve, approximately every 120 days, an interim fee application or a

25            final fee application, on noticed hearing.  The Federal Rules of Bankruptcy

26            Procedure and Local Bankruptcy Rules regarding compensation requests

27            shall apply to all interim and final fee applications filed by the Firm.

28

2886564.1                          7                      EMPLOYMENT APPLICATION

1    4.    <u>Legal Services Agreement and Letter of Engagement</u>.  The terms of the Firm's

2  employment are set forth in the Legal Services Agreement and Letter of Engagement dated June 3,

3  2021 (the "Engagement Agreement") and the supplement thereto, a redacted copy of which is

4  attached as Exhibit "2."[1]

5

6  **V.    <u>THE FIRM IS DISINTERESTED AND DOES NOT HOLD OR REPRESENT ANY</u>**

7      **<u>INTEREST ADVERSE TO THE ESTATE</u>**

8          The Firm represented the Debtor's brother, Min Chae, prior to his passing.  The Firm does

9  not believe that its prior representation of Min Chae creates a conflict of interest.  In addition, Lei

10  Lei Wang Ekvall, a former partner of the Firm, previously served as a rebuttal expert witness for

11  Class B Members of Beach Orangethorpe I, LLC ("BO1"), and Beach Orangethorpe II, LLC

12  ("BO2"), in litigation involving Quintus Investment Management (Hong Kong) Limited

13  ("Quintus").  BO1 and BO2 are lenders of TSB secured by the Source Master Development and

14  Quintus was the manager of BO1 and BO2.  Quintus is no longer the manager of BO1 and BO2.

15  Quintus remains the manager of Beach Orangethorpe Ventures, LLC, and Beach

16  Orangethorpe Source, LLC, who are also lenders to TSB secured by the Source Master

17  Development.  It is the Firm's understanding that the litigation was previously resolved.  Given the

18  limited scope of Ms. Wang Ekvall's involvement and the current status of the litigation, the Firm

19  does not believe there is a conflict of interest.

20          Except as provided herein, to the best of the Debtor's knowledge, and based upon the

21  statement of disinterestedness filed concurrently herewith,

22    1.    Neither the Firm nor any of the attorneys employed by the Firm has any connection

23  with the Debtor, the principals of the Debtor, insiders, creditors, any other party or parties in

24  interest, their respective attorneys and accountants, or any person employed in the Office of the

25  United States Trustee.

26    2.    The Firm is not a creditor, an equity security holder or an insider of the Debtor.

27  _____

28    [1]  Portions of the fee agreement have been redacted to protect the Debtor's attorney-client privilege.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3.   The Firm is not and was not an investment banker for any outstanding security of the Debtor.

4.   The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

5.   The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

6.   The Firm does not represent an individual or entity which holds an interest adverse to the Debtor.

7.   None of the Firm's partners or employees is related to the bankruptcy judge in this case.

8.   The Firm is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14).

9.   The Firm has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the attorneys' fees or expenses awarded to the Firm will be paid to any other entity.

10.   The employment of the Firm is in the best interest of the Debtor and its estate.

## VI.   **THE PROPOSED MONTHLY PAYMENT PROCEDURE IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT**

Where adequate safeguards are taken, a bankruptcy court may authorize a fee payment procedure whereby professionals employed by the debtor will be paid each month without prior court approval of billing statements. *See In re Knudsen Corp.,* 84 B.R. 668, 671 (B.A.P. 9th Cir. 1988).  In *Knudsen Group,* the court held that "where the court can make the following findings, a fee retainer procedure providing for periodic post-petition payments without prior court approval of the payments may be authorized:

1.   The case is an unusually large one in which an exceptionally large amount of fees accrue each month;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2.      The court is convinced that waiting an extended period for payment

would place an undue hardship on counsel;

3.      The court is certain that fees paid but not allowed can, if necessary,

be recovered; and

4.      The fee retainer procedure is, itself, the subject of a noticed hearing

prior to any payment thereunder.

*Id.* at 673-74.

Courts typically authorize post-petition payment without prior court approval where, as here, (1) the professional's monthly fee statements (with exhibit) are served on the debtor and the Office of the United States Trustee and are served (without exhibit) on the creditors' committee (if one is appointed) and committee counsel (if any), all parties on the ECF NEF list, and parties who have filed with the Court a request for special notice, (2) the parties noticed have ten (10) days to file a written objection to, and obtain a hearing, on a particular fee statement, and (3) the professional is required to file an application with the Court for allowance of fees and expenses paid by the debtor approximately every four months.

The Firm believes that the proposed monthly payment procedure with respect to the Retainer is appropriate under §§ 330 and 331 of the Bankruptcy Code, and is consistent with the *Knudsen* case.  Once the Retainer is exhausted, the Firm will seek approval for its fees and expenses on an interim basis pursuant to Local Bankruptcy Rule 2016-1.

This case involves complex issues.  The Debtor directly and indirectly owns an interest in many subsidiaries and significant real estate projects. The Debtor has significant debt, much of which is guaranty debt of loans made to non-debtor borrowers and secured by the assets of those borrowers.  The interplay between this case and underlying projects and other bankruptcy cases adds a layer of complexity to this case.  Requiring the Firm to wait four months to receive payment would cause the Firm to suffer undue hardship.  The Firm is not a large firm.  The Firm anticipates that it will be required to devote a fairly significant amount of time assisting the Debtor in reorganizing his affairs.  Without the monthly payment procedure, the Firm would, in effect, be financing the Debtor's chapter 11 case.  In addition, the Firm will respond to any order entered by

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  this Court reassessing fees paid to the Firm pursuant to the requested monthly payment procedure.

2  Last, as is evidenced by the proof of service submitted concurrently with this Application, notice

3  of the relief requested by this Application has been provided to the U.S. Trustee, the creditors'

4  committee and its counsel (if any), and those listed on the ECF NEF list.  Therefore, the proposed

5  compensation procedure "fully allows for scrutiny of fees by creditors and the court."  *See In re*

6  *Knudsen Corp.,* 84 B.R. at 672.

7       In sum, by virtue of the foregoing, the monthly payment procedure provided for by this

8  Application satisfies the requirements articulated in the *Knudsen* decision.

9

10 **VII.**   <u>**CONCLUSION**</u>

11      WHEREFORE, the Debtor prays that the Court enter an order:

12      1.     Authorizing the Debtor to employ the Firm as his attorneys effective October 3,

13 2021, on the terms set forth herein and in the Engagement Agreement, a copy of which is attached

14 as Exhibit "2"; and

15      2.     Approving the modified fee application procedures set forth herein with respect to

16 the Retainer;

17

18

19

20

21

22

23

24

25

26

27

28

*SMILEY WANG-EKVALL, LLP*
*3200 Park Center Drive, Suite 250*
*Costa Mesa, California 92626*
*Tel 714 445-1000 • Fax 714 445-1002*

1        3.      Authorizing the Firm to apply the Retainer to its fees and expenses in accordance

2  with the modified fee application procedures set forth herein

3        4.      Granting such other relief as the Court may deem just and appropriate.

Respectfully submitted,

DATED: October __15__, 2021      SMILEY WANG-EKVALL, LLP

By: _/s/ Robert S. Marticello_
     ROBERT S. MARTICELLO
     Attorneys for Donald Chae, Debtor-in-Possession

DATED: October __15__, 2021      DONALD CHAE

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

| Attorney or Party Name, Address & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **SMILEY WANG-EKVALL, LLP**<br>Robert S. Marticello, State Bar No. 244256<br>*rmarticello@swelawfirm.com*<br>Timothy W. Evanston, State Bar No. 319342<br>*tevanston@swelawfirm.com*<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone:    (714) 445-1000<br>Facsimile:    (714) 445-1002<br><br>Proposed Attorneys for Donald Chae,<br>Debtor and Debtor-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br><br>DONALD CHAE., | CHAPTER 11<br><br>CASE NO. 8:21-bk-12493-ES |
|---|---|
| Debtor and Debtor-in-Possession. | (No Hearing Required) |

**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT**
**OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014**
***(File with Application for Employment)***

1.    Name, address and telephone number of the professional (the "Firm") submitting this Statement:

SMILEY WANG-EKVALL, LLP
Robert S. Marticello
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  (714)  445-1000

2.    The services to be rendered by the Firm in this case are *(specify):*

The Firm will advise the Debtor with respect to the requirements and provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee Guidelines and other applicable requirements which may affect the Debtor, assist the Debtor in preparing and filing the schedules and statement of financial affairs, complying with and fulfilling U.S. Trustee requirements, and preparing other documents as may be required after the initiation of a chapter 11 petition, assist the Debtor in the preparation of a disclosure statement and formulation of a chapter 11 plan of reorganization, advise the Debtor concerning the rights and remedies of the estate and of the Debtor in regard to adversary proceedings which may be removed to, or initiated in, the Bankruptcy Court; and represent the Debtor in any proceeding or hearing in the Bankruptcy Court in any action where the rights of the estate or the Debtor may be litigated or affected.

3.    The terms and source of the proposed compensation and reimbursement of the Firm are *(specify):*

The Firm will undertake representation of the Debtor at its customary hourly rates which currently range from $265.00 to $650.00 per hour, depending on the experience and expertise of the attorney or paralegal performing the work. The majority of the work will be performed by Robert S. Marticello and Timothy W. Evanston, whose current hourly rates are $610.00 and $340.00, respectively, and by Janet Hogan, a paralegal whose hourly rate is $265.00.  The Firm's hourly rates are subject to periodic adjustment.  If any adjustment is made while the Firm is performing work in this case, the new hourly rates will be effective for this case.

2886571.1

*Rev. 5/98*  This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 2014-1**

STATEMENT OF DISINTERESTEDNESS, PAGE 13

Statement of Disinterestedness for Employment of Professional Person  -  *Page 2*          **F 2014-1**

| In re | CHAPTER 11 |
|---|---|
| DONALD CHAE,                                                    Debtor. | CASE NO. 8:21-bk-12493-ES |

4.   The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Firm are *(specify)*:

At the outset of its engagement, the Firm received a retainer of $180,000 for both the Debtor and Min Chae, $90,000 each (collectively, the "Retainer"). The Retainer was funded by a non-debtor party, Comex Food Services, Inc. ("Comex"). In order to replenish the Retainer and in anticipation of the Debtor's bankruptcy filing, the Firm received the amount of $85,000, inclusive of the filing fee, from non-debtor Comex. The Debtor is a director and owner of Comex. The Retainer was applied to pre-petition services and the filing fee, leaving a balance of $142,073.51 as of the Petition Date. The balance of the Retainer is maintained in the Firm's retainer account. Of the $142,073.51 balance of the Retainer on the Petition Date, the sum of $41,020.96 is the remaining portion of the $90,000 allocated to Min Chae. The Debtor shall be authorized to replenish the Retainer from a non-Debtor source as permitted by the terms of the Firm's engagement.

5.   The investigation of disinterestedness made by the Firm prior to submitting this Statement consisted of *(specify)*:

Submitted to the Firm's conflicts check system.

6.   The following is a complete description of all of the Firm's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, the Chapter 7 Trustee, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee *(specify, attaching extra pages as necessary)*:

The Firm represented the Debtor's brother, Min Chae, prior to his passing. The Firm does not believe that its prior representation of Min Chae creates a conflict of interest. In addition, Lei Lei Wang Ekvall, a former partner of the Firm, previously served as a rebuttal expert witness for Class B Members of Beach Orangethorpe I, LLC ("BO1"), and Beach Orangethorpe II, LLC ("BO2"), in litigation involving Quintus Investment Management (Hong Kong) Limited ("Quintus"). BO1 and BO2 are lenders of The Source at Beach, LLC ("TSB"), secured by the Source Master Development and Quintus was the manager of BO1 and BO2. Quintus is no longer the manager of BO1 and BO2. Quintus remains the manager of Beach Orangethorpe Ventures, LLC, and Beach Orangethorpe Source, LLC, who are also lenders to TSB secured by the Source Master Development. It is the Firm's understanding that the litigation was previously resolved. Given the limited scope of Ms. Wang Ekvall's involvement and the current status of the litigation, the Firm does not believe there is a conflict of interest.

7.   The Firm is not a creditor, an equity security holder or an insider of the Debtor.

8.   The Firm is not and was not an investment banker for any outstanding security of the Debtor.

9.   The Firm has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10.   The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11.   The Firm does not represent an individual or entity which holds an interest adverse to the Debtor.

12.   Name, address and telephone number of the person signing this Statement *(specify)*:

Robert S. Marticello
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  (714) 445-1000

2886571.1

*Rev. 5/98*  This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.          **F 2014-1**

Statement of Disinterestedness for Employment of Professional Person  - *Page 3*    **F 2014-1**

| In re | CHAPTER 11 |
|---|---|
| DONALD CHAE, | CASE NO. 8:21-bk-12493-ES |
| Debtor. | |

14.    None of the Firm's partners or employees is related to the bankruptcy judge in this case.

15.    Total number of attached pages of supporting documentation: 28

16.    The Firm's resume is attached as Exhibit "1."

17.    A copy of the Firm's Letter of Engagement and Legal Services Agreement dated June 3, 2021, and the supplement thereto are attached as Exhibit "2" and include the Firm's 2021 schedule of hourly billing rates.

18.    After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on the 15th day of October, 2021, at Costa Mesa, California.

Robert S. Marticello                                                     /s/ Robert S. Marticello
*Type Name of Professional*                                              *Signature of Professional*

2886571.1

*Rev. 5/98*  This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 2014-1**

STATEMENT OF DISINTERESTEDNESS, PAGE 15

# EXHIBIT "1"

Learn More About Smiley Wang-Ekvall Law Firm

# SMILEY | WANG-EKVALL

Insolvency.  Real Estate.  Business Litigation.



ABOUT THE FIRM

PROFESSIONALS

PRACTICES

PUBLICATIONS

NEWS & EVENTS

CONTACT

## About the Firm

Smiley Wang-Ekvall achieves unparalleled results for its clients in the areas of business litigation, real estate transactions, and bankruptcy and insolvency matters, combining the hands-on attention and cost-effectiveness of a small firm with the depth and breadth of experience of a large firm.

Smiley Wang-Ekvall's bankruptcy attorneys have extensive experience representing chapter 11 debtors, secured and unsecured creditors, chapter 11 trustees, chapter 7 trustees, creditors' committees, equity committees, and asset purchasers.  The firm's experience is not just limited to representation in bankruptcy cases, but includes assignments for the benefit of creditors, out of court workouts, and receiverships.  The firm's attorneys have been involved in a wide variety of industries, including the apparel, hospitality, real estate, telecommunications, technology, healthcare, retail, and construction industries.

The litigation lawyers at Smiley Wang-Ekvall also represent clients in federal court and state court in both business litigation and bankruptcy-related litigation.  They are experienced in a wide range of matters, including litigation involving breach of contract, breach of fiduciary duty, breach of guaranty, partnership and shareholder disputes, fraud, unfair business practices, and fraudulent conveyance actions.

The firm's real estate and transactional attorneys are experienced in all phases of residential and commercial real estate development, including acquisitions, financing, planning, entitlement, development, construction, leasing, and sales.   The firm's transactional attorneys also advise clients regarding the structuring, formation, and governance of business entities, including the structuring of complex joint venture relationships.

In addition to delivering strategic, effective, and efficient representation to their clients, the lawyers at Smiley Wang-Ekvall are leaders in various bar organizations, serving as members of the board of directors and presidents of several different organizations, including the California Bankruptcy Forum, the Orange County Bar Association, the Orange County Asian American Bar Association, and the Ninth Circuit Judicial Conference.



EXHIBIT "1," PAGE 16

SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.



**Kyra E. Andrassy**
Partner

| | |
|---|---|
| Main | 714-445-1000 |
| Direct | 714-445-1017 |
| Email | kandrassy@swelawfirm.com |
| V-Card | Download |

## PRACTICE AREAS

Insolvency and Business Litigation

## AWARDS/RECOGNITION

- Best Lawyers in America, Bankruptcy and Creditors' Rights
  2018-2020
- Named to the list of the Top 50 Lawyers in Orange County by Southern California Super Lawyers
  2019
- Southern California Super Lawyers
  2012-2020
- Top Bankruptcy Lawyers, OC Metro Magazine
  2015
- Southern California Rising Star
  2005-2008 and 2010-2011

## EDUCATION

- Loyola Law School, Juris Doctor
  1998
- University of California, San Diego, B.A. Political Science
  1995

## JUDICIAL CLERKSHIPS

- Hon. John E. Ryan - United States Bankruptcy Court, Central District of California, Santa Ana Division
  1998-2000

## ADMISSIONS

- California State Bar
- United States Court of Appeals for the Ninth Circuit
- U.S. District Courts for the Central, Eastern, Northern, and Southern Districts of California

## MEMBERSHIPS/ASSOCIATIONS

- American Bankruptcy Institute
- National Association of Federal Equity Receivers
- Orange County Bankruptcy Forum
- Los Angeles Bankruptcy Forum
- California Receivers Forum
- International Women's Insolvency and Restructuring Confederation
- Orange County Bar Association
- Federal Bar Association
- Orange County Women Lawyer's Association

KYRA E. ANDRASSY is a partner of Smiley Wang-Ekvall, LLP.  She concentrates her practice on bankruptcy and insolvency matters and business litigation.  Her insolvency-related work includes representing chapter 11 debtors, chapter 7 and chapter 11 trustees, secured and unsecured creditors, creditors' committees, purchasers of assets from bankruptcy estates, assignees in assignments for the benefit of creditors, federal and state court receivers, and borrowers in out-of-court workouts.  Ms. Andrassy's business litigation practice includes a broad range of disputes in state and federal court, including breach of contract and fraud.

She received her undergraduate degree in political science from the University of California at San Diego in 1995, and her law degree from Loyola Law School in Los Angeles in 1998. She was an editor of the Loyola Law Review and the recipient of the American Jurisprudence Book Award in Legal Writing. She served a judicial externship to the Honorable Barry Russell, United States Bankruptcy Judge for the Central District of California, in Spring 1998. From September 1998 until September 2000, Ms. Andrassy served a judicial clerkship to the Honorable John E. Ryan, United States Bankruptcy Judge for the Central District of California and a member of the Ninth Circuit Bankruptcy Appellate Panel.





## PROFESSIONAL ACTIVITIES

- Member of the Executive Committee of the Business Law Section of the California Lawyers Association, 2020-2023
- Co-Chair of the Insolvency Law Committee of the Business Law Section of the California Lawyers Association, 2019-2020
- Conference Co-Chair, National Association of Federal Equity Receivers Annual Conference, 2020
- Director, LA/OC Chapter of the California Receivers Forum, 2019-2022
- Conference Co-Chair, American Bankruptcy Institute Bankruptcy Battleground West, 2020-2021

- Director, American Youth Soccer Organization Region 159 (2014 to 2016)













- Conference Co-Chair, California Bankruptcy Forum Conference, 2019

- Co-Vice Chair of the Insolvency Law Committee of the Business Law Section of the California Lawyers Association, 2018-2019

- Director, Southern California Chapter of the International Women's Insolvency & Restructuring Confederation, 2016-2021

- Secretary of the Insolvency Law Committee of the Business Law Section of the California Lawyers Association, 2017-2018

- Co-Education Chair, California Bankruptcy Forum Conference, 2018

- Co-Editor in Chief of eBulletins for the Insolvency Law Committee of the Business Law Section of the State Bar of California, 2016-2017

- Member of the Advisory Board for the American Bankruptcy Institute's Bankruptcy Battleground West, 2017-2019

- Member of the Bar Advisory Board for the U.S. Bankruptcy Court, Central District of California, 2016-2017

- Member, Insolvency Law Committee of the Business Law Section of the State Bar of California, 2015-2018

- Sole attorney member of the committee to revise the Local Rules Governing Bankruptcy Appeals, Cases, and Proceedings of the U.S. District Court, Central District of California, 2011

- President, Orange County Bankruptcy Forum, 2008-2009

- Director, California Bankruptcy Forum, 2008-2010

- Member, U.S. Bankruptcy Court, Central District Task Force for Amendments to Local Rules, 2007-2008

- Director, Orange County Bankruptcy Forum, 2006-2009

- Program Chair for the Bankruptcy Ethics Symposium for the Federal Bar Association, Los Angeles Chapter, 2006

- Member of the Advisory Board for the Bankruptcy Ethics Symposium for the Federal Bar Association, Los Angeles Chapter, 2004-2005

- Section Chair, Orange County Bar Association Commercial Law & Bankruptcy Section, 2004

- Program Chair, Orange County Bar Association Commercial Law & Bankruptcy Section, 2003

### SPEAKING ENGAGEMENTS

- Panelist, *The Bankruptcy Code and Receiverships: Cracking the Code*
  National Association of Federal Equity Receivers
  2020

- Panelist, *Receivers' Reports and Fee Applications: A Workshop*
  LA/OC Chapter of the California Receivers Forum
  2019

- Panelist and Moderator, *The Intersection of Pension and Retirement Plans and Bankruptcy*
  American Bankruptcy Institute
  2017

- Panelist, *Federal Practice/Bankruptcy*
  Orange County Bar Association's Bridging the Gap Program
  2016

- Producer and Moderator, *Identifying Estate Assets in Atypical Property*
  California Bankruptcy Forum
  2013

- Panelist, *Business Bankruptcy Issues*
  Orange County Bar Association and Orange County Bankruptcy Forum
  2011

- Moderator, *Judgment Enforcement in Federal Court*
  Orange County Bankruptcy Forum
  2006

SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.



**Timothy W. Evanston**

Associate

Main   714-445-1000

Direct  714-445-1018

Email   tevanston@swelawfirm.com

V-Card  Download

## PRACTICE AREAS

Insolvency and Business Litigation

## AWARDS/RECOGNITION

- Best Lawyers in America: Ones to Watch, Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law
  2021

## EDUCATION

- University of California, Los Angeles, J.D.
  2016
- University of California, Irvine, B.A. Political Science
  2012

## JUDICIAL CLERKSHIPS

- Hon. Robert N. Kwan - United States Bankruptcy Court, Central District of California
  2017-2018
- Hon. Theodor C. Albert - United States Bankruptcy Court, Central District of California
  2016-2017

## ADMISSIONS

- California State Bar
- U.S. District Courts for the Central, Eastern, Northern, and Southern Districts of California

## MEMBERSHIPS/ASSOCIATIONS

- American Bankruptcy Institute
- Orange County Bankruptcy Forum
- Los Angeles Bankruptcy Forum
- Orange County Bar Association

TIMOTHY W. EVANSTON is an associate at Smiley Wang-Ekvall, LLP. He concentrates his practice on bankruptcy and insolvency matters and business litigation.

Mr. Evanston received his undergraduate degree in political science from the University of California, Irvine in 2012, where he graduated cum laude, and received his law degree from the University of California, Los Angeles, in 2016. While in law school, Mr. Evanston served as senior managing editor of the Pacific Basin Law Journal. He also served a judicial externship to the Honorable Theodor C. Albert, United States Bankruptcy Judge for the Central District of California, and worked as a legal intern for the U.S. Trustee Program of the Department of Justice. After law school, Mr. Evanston served a judicial clerkship to the Honorable Theodor C. Albert, United States Bankruptcy Judge for the Central District of California, from September 2016 to March 2017. From August 2017 to August 2018, he served a judicial clerkship to the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California.



## PROFESSIONAL ACTIVITIES

- Secretary/Treasurer, Commercial Law and Bankruptcy Section of the Orange County Bar Association, 2021

## SPEAKING ENGAGEMENTS

- Panelist, *Navigating SBRA: A Roadmap to SBRA's Updates and Changes for Small Businesses*
  Los Angeles Bankruptcy Forum
  2020

## PUBLICATIONS

- Co-Author, The Small Business Reorganization Act: Big Changes for Small Businesses
  American Bar Association, Business Law Section
  02-14-2020





# SMILEY | WANG-EKVALL

### Insolvency. Real Estate. Business Litigation.



**Robert S. Marticello**
Partner

| | |
|---|---|
| Main | 714 445-1000 |
| Direct | 714 445-1023 |
| Email | rmarticello@swelawfirm.com |
| V-Card | Download |

**PRACTICE AREAS**

Bankruptcy, Workouts and Insolvency Matters, and Commercial Litigation

**AWARDS/RECOGNITION**

- Best Lawyers in America, Bankruptcy and Creditors' Rights
  2016-2020
- Southern California Super Lawyers
  2019-2020
- American Bankruptcy Institute
  Inaugural 40 Under 40
  2017
- Southern California Super Lawyers
  Rising Star
  2010-2012, 2014-2018
- Up - And - Coming 25 (Orange County),
  Southern California Super Lawyers
  2018
- National Conference of Bankruptcy
  Judges Next Generation Program

**EDUCATION**

- California Western School of Law, Juris Doctor
  2005
- California State University, Chico, B.A. Psychology
  2001

**JUDICIAL CLERKSHIPS**

- Hon. Robert N. Kwan - United States Bankruptcy Court, Central District of California
  2007
- Hon. John E. Ryan - United States Bankruptcy Court, Central District of California
  2005-2007

**ADMISSIONS**

- California State Bar
- Ninth Circuit Court of Appeals
- United States District Courts for the Central, Southern, Eastern and Northern Districts of California

**MEMBERSHIPS/ASSOCIATIONS**

- American Bankruptcy Institute
- Orange County Bankruptcy Forum
- Orange County Bar Association

ROBERT S. MARTICELLO is a founding partner of Smiley Wang-Ekvall, LLP. He concentrates his practice on business bankruptcy matters and related litigation. Mr. Marticello represents virtually all parties in chapter 11 bankruptcy cases and out-of-court restructurings, i.e., debtors, committees, secured and unsecured creditors, equity holders, trustees, asset purchasers, and others. He has represented clients in a broad range of industries, such as real estate, non profit, retail, restaurant, and technology and has represented clients in multiple forums throughout the United States. Mr. Marticello is also experienced in representing plaintiffs and defendants in bankruptcy avoidance actions and plaintiffs in nondischargeability actions.

Mr. Marticello was selected as an emerging leader by the American Bankruptcy Institute for its inaugural "40 Under 40" award. The organization recognized him as one of the top insolvency professionals under the age of 40 in the United States. This was the second time in five years that Mr. Marticello won a Top 40 award recognizing emerging talent. In 2012, he was selected to participate in the National Conference of Bankruptcy Judges' Next Generation Program, which is designed for 40 "up and coming" bankruptcy attorneys in the country. Mr. Marticello has also been consistently selected as a "Rising Star" in Super Lawyers Magazine and has been recognized by Best Lawyers for multiple years running.

Mr. Marticello served as the law clerk to the Honorable John E. Ryan, United States Bankruptcy Judge for the Central District of California, from August 2005 to February 2007, and to the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California, from March to August 2007. Prior to serving as a law clerk, Mr. Marticello received his undergraduate degree from California State University Chico and his law degree from Californian Western School of Law in 2005, where he graduated magna cum laude and was a member of the California Western Law Review. Mr. Marticello is currently serving as the President of the California Bankruptcy Forum. Mr. Marticello was a Director of the Orange County Bankruptcy Forum from 2008-2011, and its President from 2010-2011.



**PROFESSIONAL ACTIVITIES**

- Co-Chair of the Lawyer Representatives to the Ninth Circuit Judicial Conference, 2018-2020
- President, California Bankruptcy Forum, 2015-2016
- Director, California Bankruptcy Forum, 2009-present
- President, Orange County Bankruptcy Forum, 2010-2011
- Director, Orange County Bankruptcy Forum, 2008-2011









## SPEAKING ENGAGEMENTS

- Panelist, *Current Trends and Issues in Chapter 11 Cases*
  Ninth Circuit Conference of Chief Bankruptcy Judges and Lawyer Representatives
  2019

- Speaker, *Protecting Your Client: Top Issues Every Corporate Attorney Should Know About Bankruptcy*
  Orange County Bar Association
  2019

- Speaker, *Bankruptcy Fundamentals for Business Litigators*
  Orange County Bar Association
  2019

- Panelist, *Crossfire*
  ABI Battlegroup West
  2019

- Panelist, *Judicial Estoppel and Bankruptcy Cases: Inconsistent Positions, Judicial Integrity, and Unfair Advantage*
  Ninth Circuit Judicial Conference
  2017

- Speaker, *The Allowance of "Defense Fees" in the Wake of the U.S. Supreme Court's Decision in Baker Botts*
  Central District Conference of Judges and Lawyer Representatives, Bankruptcy Breakout Session
  2017

- Panelist, *Valuation Issues in Bankruptcy*
  Ninth Circuit Conference of Chief Bankruptcy Judges and Lawyer Representatives
  2017

- Speaker, *Chapter 11 Recent Developments*
  Orange County Bar Association Commercial Law & Bankruptcy Section
  2014

- Moderator, *Asset Sales in Bankruptcy*
  Orange County Bar Association Commercial Law & Bankruptcy Section
  2012

- Speaker, *Rules of the Game: Sports Teams in Bankruptcy*
  Peter Elliott American Inn of Court
  2011

## PUBLICATIONS

- Author, *Bankruptcy is a Last Resort: Here Are Some Other Steps to Take During the Coronavirus Pandemic*
  Los Angeles Daily Journal
  03-27-2020

- Author, *Bankruptcy Code Offers Relief to (Very) Small Businesses*
  Los Angeles Daily Journal
  09-04-2019

- Author, *Bankruptcy Can Provide Landlords a Safe Harbor from Retail Storm*
  Chain Store Age
  02-20-2019

- Author, *Sears' Biggest Sale (Itself) Offers Valuable Lessons for Retail*
  Law 360
  01-16-2019

- Author, Is Consignment Enough?
  Supply Chain World
  07-11-2016

- Author, Bankruptcy Can Help Tech Firms Survive an Impending Bubble and Preserve Value
  CEOWORLD Magazine
  05-09-2016

- Author, *Learn from Sports Authority Bankruptcy*
  Los Angeles Daily Journal
  04-15-2016

- Author, <u>Retail Bankruptcies on the Rise: How to Avoid Becoming a Statistic</u>
  Apparel
  02-24-2016

- Co-Author, *Sports Team Bankruptcies: Home Runs or Strikeouts?*
  Los Angeles Daily Journal
  2011



# SMILEY | WANG-EKVALL

### Insolvency. Real Estate. Business Litigation.



**Kraig C. Kilger**
Partner

| | |
|---|---|
| Main | 714 445-1000 |
| Direct | 714 445-1007 |
| Email | kkilger@swelawfirm.com |
| V-Card | Download |

**PRACTICE AREAS**

Real Estate and Business Transactions

**EDUCATION**

- University of California, Davis, J.D. 1992
- University of California, Los Angeles, B.A. Economics and Business 1988

KRAIG C. KILGER, a partner of Smiley Wang-Ekvall, LLP, received his Bachelor of Arts Degree in Economics and Business from the University of California at Los Angeles, where he graduated cum laude in 1988, and his law degree from the University of California at Davis, King Hall School of Law, where he graduated with honors in 1992 and was nominated to the Order of the Coif. During law school, he was awarded the American Jurisprudence Award in Constitutional Law, and was the winner of the Roger J. Traynor California Moot Court Competition. In 1992, Mr. Kilger joined the law firm of Rutan & Tucker, LLP, and thereafter became a partner in their real estate practice group. In 2005, Mr. Kilger became Senior Vice President and General Counsel of Highpointe Communities, Inc., and thereafter returned to the practice of law in 2008.

Mr. Kilger has extensive experience in real estate and business transactional matters, including secured debt and equity transactions and insolvency matters. His practice involves all phases of residential and commercial real estate development including acquisitions, financing, planning, entitlement, development, construction, leasing and sales. He advises clients regarding the structuring, formation and governance of business entities, including the structuring of complex joint venture relationships. Mr. Kilger also regularly advises and assists his clients regarding general business matters.



SMILEY | WANG-EKVALL
Insolvency. Real Estate. Business Litigation.



**Sharon Oh-Kubisch**
Of Counsel

| | |
|---|---|
| Main | 714-445-1000 |
| Direct | 714-445-1044 |
| Email | sokubisch@swelawfirm.com |
| V-Card | Download |

**PRACTICE AREAS**

Business Litigation, General Civil
Litigation, Real Estate and Business
Transactions

**EDUCATION**

- Golden Gate University School of Law,
  Juris Doctor
  1998
- University of California, San Diego, B.A.
  Communications
  1993

**ADMISSIONS**

- California State Bar
- U.S. Court of Appeals for the Ninth
  Circuit
- U.S. District Courts for the Central,
  Southern, Eastern, and Northern
  Districts of California

**MEMBERSHIPS/ASSOCIATIONS**

- Los Angeles County Bar Association
- Orange County Bar Association
- American Bar Association
- CREW-OC Member (2018-present)
- Volunteer, National Charity League -
  Canyon Chapter
- Board Member, Capo Girls Softball

SHARON OH-KUBISCH is of counsel at Smiley Wang-Ekvall, LLP.  Ms. Oh-Kubisch concentrates her practice on business litigation, and she has handled a wide range of complex matters, specializing primarily in the areas of commercial real estate, finance, financial services and business disputes. Her current and former clients include a diverse range of lenders, financial institutions, brokers, builders, developers, investors, subcontractors, brokers, mortgage companies, homeowners' associations, property managers, and businesses seeking outside general counsel.  Her experience includes all phases of litigation in both state and federal courts as well as alternative dispute resolution, and she has obtained several multi-million judgments on behalf of clients.  Prior to joining Smiley Wang-Ekvall,  Ms. Oh-Kubisch served as Assistant General Counsel for three private real estate funds, managing their transactional and litigation department.

Ms. Oh-Kubisch received her Bachelor of Arts Degree in Communications from the University of California at San Diego in 1993, and her law degree from Golden Gate University School of Law, where she graduated with honors in 1998.  During law school, she was awarded the American Jurisprudence Award in Products Liability, was a member of the Moot Court Team for the National Appellate Advocacy Competition, and a Runner-up Finalist in the Appellate Advocacy Competition.

Ms. Oh-Kubisch volunteers for the National Charity League-Canyon Chapter and is a board member for Capo Girls Softball.

PROFESSIONAL ACTIVITIES

- Secretary/Treasurer, Business Litigation Section of the Orange County Bar Association,
  2018
- Chair Elect, Business Litigation Section of the Orange County Bar Association, 2019



# SMILEY | WANG-EKVALL

### Insolvency. Real Estate. Business Litigation.



**Michael L. Simon**
Associate

| | |
|---|---|
| Main | 714-445-1000 |
| Direct | 714-445-1043 |
| Email | msimon@swelawfirm.com |
| V-Card | Download |

**PRACTICE AREAS**

Insolvency and Business Litigation

**AWARDS/RECOGNITION**

- Southern California Super Lawyers Rising Star
  2020
- Best Lawyers in America: Ones to Watch, Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law
  2021

**EDUCATION**

- Pepperdine University School of Law, Juris Doctor
  2014
- New York University, B.S. in Finance and Economic Policy
  2009

**JUDICIAL CLERKSHIPS**

- Hon. Robert N. Kwan - United States Bankruptcy Court, Central District of California
  2015-2017

**ADMISSIONS**

- California State Bar
- U.S. District Courts for the Central, Eastern, Southern, and Northern Districts of California

**MEMBERSHIPS/ASSOCIATIONS**

- American Bankruptcy Institute
- Orange County Bankruptcy Forum
- Los Angeles Bankruptcy Forum



MICHAEL L. SIMON is an associate of Smiley Wang-Ekvall, LLP. He concentrates his practice on bankruptcy and insolvency matters and business litigation. Mr. Simon has represented chapter 11 debtors, creditors' committees, trustees, judgment creditors, secured and unsecured creditors, and plan trustees.

Mr. Simon received his undergraduate degree in finance and economic policy from New York University's Leonard N. Stern School of Business in 2009.  He received his J.D. from Pepperdine University School of Law and his Certificate in Dispute Resolution from the Straus Institute for Dispute Resolution in 2014.  While in law school, Mr. Simon served as an editor for the Journal of Business, Entrepreneurship and the Law, and served judicial externships to the Honorable Robert N. Kwan, United States Bankruptcy Judge for the Central District of California, and the Honorable Valerie B. Fairbank, United States District Court Judge for the Central District of California.  After law school, he served a judicial clerkship to the Honorable Robert N. Kwan from August 2015 to March 2017.

Mr. Simon currently serves as a director for the Orange County Bankruptcy Forum and was recognized as a Southern California Rising Star by Super Lawyers in 2020.



**PROFESSIONAL ACTIVITIES**

- Director, Orange County Bankruptcy Forum, 2019-2022



SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.



**Philip E. Strok**
Partner

Main    714 445-1000
Direct    714 445-1020
Email    pstrok@swelawfirm.com
V-Card    Download

**PRACTICE AREAS**

Bankruptcy, Business Reorganizations, Out-of-Court Workouts, and Insolvency Matters

**AWARDS/RECOGNITION**

- Best Lawyers in America - Bankruptcy and Creditor Rights (2010-2018)

**EDUCATION**

- Southwestern University School of Law, Juris Doctor
  1993
- California State Polytechnic University, Pomona, B.A., Business Administration
  1986

**JUDICIAL CLERKSHIPS**

- Hon. Robert W. Alberts, Hon. Thomas B. Donovan, Hon. Arthur Greenwald, Hon. Kathleen Thompson, Hon. Geraldine Mund, Hon. Erithe A. Smith - United States Bankruptcy Court, Central District of California
  1993 to 1996

**ADMISSIONS**

- California State Bar
- Georgia State Bar
- United States Court of Appeals for the Ninth Circuit
- U.S. District Courts for the Central, Southern, Eastern, and Northern Districts of California

**MEMBERSHIPS/ASSOCIATIONS**

- American Bankruptcy Institute
- Orange County Bankruptcy Forum
- Orange County Bar Association





PHILIP E. STROK, a partner of Smiley Wang-Ekvall, LLP, concentrates his practice in the areas of bankruptcy/insolvency matters and business reorganizations.  Mr. Strok has experience representing chapter 11 debtors, trustees, secured and unsecured creditors, creditors' committees, asset purchasers and other parties in the context of bankruptcy cases, out-of-court workouts, and assignments for the benefit of creditors.  His representative industries include real estate and construction, apparel, healthcare, manufacturing, transportation, restaurant and food service, telecommunications, and retail.

Mr. Strok received his undergraduate degree in business administration from California State Polytechnic University and his law degree from Southwestern University School of Law in 1993, where he graduated magna cum laude. Mr. Strok was an editor on the Southwestern University Law Review, a finalist in the Southwestern Moot Court competition, and the recipient of the American Jurisprudence Book Awards in Bankruptcy and Legal Research and Writing. He served a judicial clerkship to the Honorable Robert W. Alberts, Thomas B. Donovan, Arthur M. Greenwald, Kathleen Thompson, Geraldine Mund, and Erithe A. Smith, United States Bankruptcy Judges, from 1993 to 1996. Mr. Strok also has experience in state court receiverships, having served as chief of staff of California Resources Group from 1988 to 1990.

Mr. Strok is included in the 2010-2018 editions of The Best Lawyers In America in the specialty of Bankruptcy and Creditor-Debtor Rights Law which appears in U.S. News & World Report. He served as President, Director and is currently a member of the Orange County Bankruptcy Forum. He is also a member of the American Bankruptcy Institute and the Orange County Bar Association. Mr. Strok is admitted to practice in Georgia and California.







**SMILEY | WANG-EKVALL**

Insolvency. Real Estate. Business Litigation.

Kyra E. Andrassy

Timothy W. Evanston

Kraig C. Kilger

Robert S. Marticello

Sharon Oh-Kubisch

Michael L. Simon

Philip E. Strok

# SMILEY WANG-EKVALL, LLP

### SCHEDULE OF HOURLY BILLING RATES

#### EFFECTIVE JANUARY 1, 2021

### Attorneys:

| | |
|---|---|
| Philip E. Strok | $650.00 |
| Kraig C. Kilger | $600.00 |
| Kyra E. Andrassy | $630.00 |
| Robert S. Marticello | $610.00 |
| Sharon Oh-Kubisch | $495.00 |
| Michael L. Simon | $390.00 |
| Timothy W. Evanston | $340.00 |

### Paralegal Professionals:

| | |
|---|---|
| Janet Hogan | $265.00 |

### Law Clerks:

| | |
|---|---|
| All Law Clerks | $175.00 |

(THESE RATES ARE SUBJECT TO PERIODIC ADJUSTMENT)

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626

Tel  714 445-1000
Fax 714 445-1002    www.swelawfirm.com

EXHIBIT "1," PAGE 28

# EXHIBIT "2"

# SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.

Kyra E. Andrassy

Timothy W. Evanston

Kraig C. Kilger

Robert S. Marticello

Sharon Oh-Kubisch

Michael L. Simon

Evan D. Smiley
(1966 - 2017)

Philip E. Strok

Lei Lei Wang Ekvall

June 3, 2021

**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

**VIA ELECTRONIC MAIL ONLY**

Mr. Donald Chae
2200 Sherwood Road,
San Marino, CA 91108
E-Mail: dc@mdproperties.com

Re:     **Engagement Letter and Legal Services Agreement**

Dear Mr. Chae:

You, individually (the "Client"), have requested Smiley Wang-Ekvall, LLP (the "Firm") perform the following services (the "Services") on the Client's behalf:

To consult with and advise the Client on his bankruptcy and insolvency options.

This letter of engagement (this "Letter") and the attached Legal Services Agreement (the "Legal Services Agreement") set forth the terms and conditions pursuant to which the Firm will perform the Services, and will together constitute a legally binding contract between the Firm and the Client.

The Firm's fees will be determined on an hourly basis in accordance with Section 2 of the Legal Services Agreement, and any costs incurred in connection with the engagement will be payable in accordance with Section 3 of the Legal Services Agreement.

As a condition to the Firm accepting this engagement with respect to the Services described above, the Client will deposit with the Firm a retainer in the sum of $7,500.00. The retainer will be handled in accordance with Section 5 of the Legal Services Agreement. The Firm reserves the right to request additional retainers as may be necessary.

The Firm has not agreed to perform any services beyond the above described Services, including, without limitations, representation of the Client in connection with filing a bankruptcy petition. Unless the scope of the engagement is hereafter expanded as set forth in a confirming letter or email from the Firm to the Client describing the additional services to be

EXHIBIT "2," PAGE 29



**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 3, 2021
Page 2

performed, the scope of the engagement will be limited to the performance of the above
described Services.  In the event the Firm is engaged to file a bankruptcy petition for the Client,
the Firm will require an additional retainer.

The Firm has informed the Client that Lei Lei Wang Ekvall, one of the partners of the Firm,
previously served as a rebuttal expert witness for Class B Members of Beach Orangethorpe I,
LLC, and Beach Orangethorpe II, LLC, in litigation involving Quintus Investment Management
(Hong Kon) Limited.  It is the Firm's understanding that the litigation has been resolved.  Given
the claims and parties to such litigation, the limited scope of Ms. Wang Ekvall's involvement,
and the current status of such litigation, the Firm does not believe there is a conflict of interest.

2869774.1

S | WE

**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 3, 2021
Page 3

2869774.1

S | WE

**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 3, 2021
Page 4

The Firm represented itself (not the Client) in negotiating the terms of the engagement, this Letter and the Legal Services Agreement, and therefore recommends that the Client obtain independent legal counsel from another source regarding the engagement, including conflict waivers, before executing this Letter and the Legal Services Agreement. If the terms and conditions of this Letter and the Legal Services Agreement are acceptable, then please remit the retainer and return the executed Letter and Legal Services Agreement to me.

Thank you for your consideration of our Firm. We look forward to the opportunity to be of service.

Sincerely,

SMILEY WANG-EKVALL, LLP

/s/ Lei Lei Wang Ekvall

Lei Lei Wang Ekvall

Legal Services Agreement

2869774.1

EXHIBIT "2," PAGE 32



**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 3, 2021
Page 5

<u>CONFIRMATION OF AGREEMENT</u>

Client hereby engages the Firm to perform the Services described in this Letter and hereby agrees that this Letter and the Legal Services Agreement, which the Client has executed or will execute concurrently herewith, will govern the Engagement and all matters relating thereto, including the determination and payment of fees and costs, the waiver of certain conflicts of interest, and the method by which any disputes between the Firm and the Client will be resolved.  The persons executing this Letter and the Legal Services Agreement on behalf of the Client hereby warrants and represents that such person is duly authorized and instructed and has the requisite right, power, authority and legal capacity to make, execute, enter into and deliver this Letter and the Legal Services Agreement on behalf of the Client.

**Client:**                          **Donald Chae**

Dated: June 4, 2021          _____

2869774.1

LEGAL SERVICES AGREEMENT

The law firm (the **"Firm"**) and each client (the **"Client"**) identified below (collectively, the **"Parties"**), each desiring to be legally bound, hereby covenant, agree, warrant, represent and declare as follows:

1.    **Engagement.**

The Client hereby engages the Firm to perform the services described in a letter or email correspondence from the Firm to the Client (**"Engagement Letter"**) accepting the specific engagement (**"Engagement"**).  Any subsequent Engagements will be similarly confirmed in a supplemental Engagement Letter describing and acknowledging the additional services to be performed  This Legal Services Agreement and any such Engagement Letters will collectively constitute a legally binding contract between the Parties.

2.    **Fees.**

Unless the Engagement Letter states otherwise, the Firm's fees will be determined by multiplying the time devoted to each task by the billing rate of the person performing the task. This includes all tasks including investigation, research, review, analysis, strategy, document preparation, correspondence, meetings, telephone conferences, court appearances and travel. The minimum billing entry is one-tenth of an hour.  The billing rates in effect on the date of this Agreement are listed in the attached Schedule.  The Firm usually adjusts its billing rates each January 1st, but may do so at other times.  The Firm will determine the staffing of the Engagement, which may involve using more senior personnel with higher billing rates for some tasks, and less senior personnel with lower billing rates for other tasks. If the Client is the debtor, trustee or official committee in a bankruptcy case, then the Firm's fees during the bankruptcy case may be subject to bankruptcy court approval, the Firm may request a bonus, and the bankruptcy court may approve, bonus, reduce or deny the Firm's fees.  If the Firm is ever served with discovery regarding the Engagement, including by a third party, then the Client will pay the Firm's fees and costs of responding to the discovery.

3.    **Costs.**

The Client will pay all costs incurred on the Client's behalf and advance any costs requested by the Firm, including filing fees, recording fees, court reporter fees, expert witness fees, data base access charges, messenger fees, postage and travel costs including mileage, parking, car rentals, air fare, taxi fare, lodging and meals, with document reproduction (including copying, scanning or faxing) charged at $0.20 per page. If the Firm purchases unlimited services for a flat fee (such as access to a research data base or courier run), then the Firm may charge for the service, not to exceed the cost of purchasing the service separately.

4.    **Invoices and Payment of Interest on Delinquent Accounts.**

The Firm's invoices are payable upon delivery. The Client will give written notice of any dispute regarding an invoice within 30 days of delivery of the invoice or the invoice will be deemed approved. Any invoiced amount that remains unpaid for more than 30 days will be deemed delinquent.  The Client will pay the Firm interest at a default rate of 1.50% per month, compounded monthly, on all delinquent account balances.

EXHIBIT "2," PAGE 34

**5.      Retainers.**

The Firm may require a retainer as a condition to the Engagement, and may at any time require the deposit, reinstatement or increase of a retainer as a condition to continuing the Engagement, as security for any amounts owed by the Client to the Firm.  The Client will pay the Firm's invoices without regard to any such retainer, although the Firm may apply the retainer against any amounts owed.  Any unapplied retainer will be returned following the conclusion of the Engagement.  The Client will not earn interest on the retainer, and the amount of the retainer will not constitute an estimate of the fees and costs likely to be incurred.

**6.      Attorneys' Lien.**

The Client hereby grants the Firm a continuing lien against any property or funds of the Client that come under the Firm's possession or control or are recovered as a result of any litigation, regardless of the source, to secure the payment of any amounts owed by the Client to the Firm. The Firm may, without prior notice or further approval, apply the same toward the payment of any amounts owed by the Client to the Firm.

**7.      Estimates.**

The Firm may provide estimates of anticipated fees and costs.  However, the Client's actual fees and costs could significantly exceed any such estimate.  The Client will be obligated to pay the actual fees and costs incurred, regardless of whether they exceed any such estimate.

**8.      Cooperation and Assistance.**

The Client will cooperate and assist as reasonably requested by the Firm, including by participating in meetings, telephone conferences, depositions and hearings, and by promptly providing any documents, information, assistance or cooperation requested by the Firm.  The Client will keep the Firm accurately informed as to the Client's address until the five year anniversary of the conclusion of the Engagement.

**9.      No Guaranty of Result.**

The result of any Engagement, whether it involves reorganization, litigation, negotiation or other services, is very often dependent upon facts and circumstances beyond the ability of the Firm to predict or control.  For that reason, the Firm does not and will not make any guaranty regarding the result of the Engagement.  Unless otherwise stated in the Engagement Letter describing the Engagement, the Firm's fees and costs are not contingent upon the obtaining of any particular result and will be payable in full regardless of the result.

**10.     Excluded Services and Reliance on Other Advisors.**

The Firm does not and will not provide counsel on taxation, securities, employment, accounting or financial reporting matters.  Issues in those areas and other areas outside the expertise of the Firm's attorneys may arise during the course of the Engagement.  If any such issues arise, then the Client will promptly obtain the advice of other counsel qualified to address the issues. The Firm may rely on the advice of such counsel and upon the advice of the Client's accountants and professional advisors concerning the Engagement.

EXHIBIT "2," PAGE 35

**11.    Joint Engagements, Conflicts of Interest, Conflict Waivers; and Persons Not Represented.**

(a)    Economic and other considerations may cause similarly situated persons to jointly engage the Firm in matters of common concern.  However, each such Client is cautioned to carefully evaluate the risks of such an arrangement because interests which appear common may actually be different or may diverge, and attorney-client privileges, including confidentiality and work product, may be lost by such an arrangement.  In such an arrangement, each Client will be jointly and severally obligated for the Firm's fees and costs, and each Client hereby waives any and all associated conflicts of interest.  If the Firm ever determines that it cannot continue representing all such Clients jointly, then the Firm, in its discretion, may withdraw from representing any one or more of such Clients while continuing to represent any one or more of the others.

(b)    The Firm will be representing and advising only the person(s) specifically identified as the Client, and not the principals, members, shareholders, partners, directors, officers, managers, employees, guarantors, spouses, heirs, successors, assigns, representatives, administrators or trustees of the Client.

(c)    The Firm may perform services for other persons with interests generally adverse to those of the Client, provided that the services being performed for other such persons are not directly adverse to the services being performed for the Client, and the Client hereby waives any associated conflicts of interest.

(d)    The Firm routinely represents debtors, creditors, trustees, asset purchasers, receivers, assignees and other interested parties in bankruptcies, receiverships, and assignments for benefit of creditors ("ABC's"), and the Firm's attorneys serve as bankruptcy trustees and receivers.  As such, the Firm and its attorneys may become involved in bankruptcies, receiverships and ABC's in which the Client is a creditor or other party in interest. Unless the Firm is engaged to represent the Client in the same matter, the Firm and its attorneys may serve as a trustee, receiver or ABC assignee, or may represent a debtor, creditor, trustee, asset purchaser, receiver, ABC assignee or other party in interest in a bankruptcy, receivership or ABC in which the Client is a creditor or other party in interest, including defending another person from claims which could reduce or eliminate the amount of the "common pot" of assets available for distribution to creditors generally, or asserting on behalf of another person claims against the bankruptcy, receivership or ABC estate which could result in a proportionate reduction in the amount distributed to each creditor including the Client; and the Client hereby waives any associated conflicts of interest.

**12.    Termination of Engagement and Destruction of the Client File.**

The Client or the Firm may terminate the Engagement by written notice to other, provided that if the Firm terminates the Engagement and is counsel of record in any litigation in which the Client is a party, then the Client will be allowed a reasonable time, not to exceed 21 days, to obtain new counsel, and will promptly deliver any substitution or withdrawal of counsel requested by the Firm.  The Client may retrieve all client papers relating to the Engagement (the **"Client File"**) following the conclusion of the Engagement, but if the Client does not retrieve the Client File within three years following the conclusion of the Engagement, then the Firm is hereby authorized to destroy the Client File without further notice to the Client.

EXHIBIT "2," PAGE 36

**13.    Miscellaneous Provisions.**

This Agreement supersedes any and all prior or contemporaneous negotiations, estimates and agreements regarding the Engagement.  No modification of this Agreement will be effective unless made in writing and executed by the Firm and the Client.  No representation relating to this Agreement will be effective unless made in writing and executed by the Party making the representation.  This Agreement is governed by the laws of the State of California without giving effect to principals of conflicts of law.  If any portion of this Agreement is held to be unenforceable for any reason, then the remaining portions will remain in effect.  The failure to enforce any portion of this Agreement will not constitute a waiver of the right to enforce the same portion or any other portion thereafter.  When used in this Agreement, the words **"include"**, **"included"** and **"including"** will be deemed to be followed by the words **"without limitation"** and the word **"person"** will mean not only natural persons, but also corporations, limited liability companies, partnerships, trusts, estates, government entities and agencies, and other entities of any kind.

**14.    Review of this Agreement by Other Legal Counsel.**

The Client acknowledges that the Firm represented itself and not the Client in the negotiation and preparation of this Agreement, and that the Client was advised by the Firm to carefully review this Agreement and to discuss this Agreement with other legal counsel before executing this Agreement.

**15.    Inurement and Execution.**

This Agreement will inure to the benefit of and be binding upon each party and its successors, assigns, heirs, executors, administrators and trustees.  This Agreement may be executed in any number of identical counterparts, each of which is an original and all of which together constitute one agreement.  The delivery of an executed counterpart signature page to this Agreement by email or electronic facsimile transmittal will be as effective as the physical delivery of a counterpart of this Agreement bearing such signature.

**16.    Resolution of Disputes.**

All disputes based upon, relating to or arising in connection with this Agreement (including fee disputes and malpractice claims) will be resolved as follows: (a) if the Engagement relates to a bankruptcy case, then the Parties will seek to have the dispute resolved by the bankruptcy judge in that case; and (b) if the Engagement does not relate to a bankruptcy case or if the bankruptcy judge refuses to hear the dispute, then the dispute will be resolved through binding arbitration in Orange County, California, by a neutral from JAMS/Endispute (**"JAMS"**) pursuant to its "Streamlined Arbitration Rules and Procedures" then in effect, or if JAMS ceases to arbitrate in Orange County, then by a neutral from a similar arbitration service pursuant to its most similar rules. If more than one person comprised the Client, then all of them will constitute one Party for purposes of this paragraph, and will act in concert as they among themselves agree. Either Party may initiate arbitration by filing a demand, notifying the other Party, and requesting a list of three neutrals with no prior relationship with any Party or its legal counsel.  The Firm and the Client may each strike one neutral, and JAMS will appoint the arbitrator from the remaining neutral(s) on the list.  Either Party may ask the arbitrator to facilitate, enforce and limit depositions and discovery. Each Party will pay its own attorneys' fees and costs and one-half of the arbitrator's fee, regardless of the result.  Either Party may

EXHIBIT "2," PAGE 37

appeal that decision by electing, within 30 days of the decision, to arbitrate de novo before a different neutral in accordance with these provisions. The Party who did not appeal that first decision (and only that Party) may appeal the decision in the second arbitration by electing, within 30 days of the decision, to arbitrate de novo before a different neutral in accordance with these provisions. No one may appeal the decision in the third arbitration. The intent of these provisions is to allow each Party one (and only one) opportunity to appeal an unfavorable decision. A bar association arbitration of a fee dispute pursuant to the California Business and Professions Code will constitute the first such arbitration, and any appeal of the decision of the bar association panel will be resolved, as the second arbitration, by binding arbitration conducted de novo in accordance with these provisions rather than by trial in the Superior Court. The final arbitration decision may be entered as a final judgment by any court of competent jurisdiction and enforced by any lawful means, and for that limited purpose, each Party consents to the jurisdiction of California courts and to venue in Orange County. Each Party acknowledges that by agreeing to arbitrate all such disputes, the Party hereby intentionally waives any right to resolve the dispute by court or jury trial.

The Firm:                           Smiley Wang-Ekvall, LLP,
                                    a California limited liability partnership

Dated: June 3, 2021          By:   _/s/ Lei Lei Wang Ekvall_____

The Client:                         Donald Chae

Dated:                        By:   _____

# SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.

Kyra E. Andrassy

Timothy W. Evanston

Kraig C. Kilger

Robert S. Marticello

Sharon Oh-Kubisch

Michael L. Simon

Evan D. Smiley
(1966 - 2017)

Philip E. Strok

Lei Lei Wang Ekvall

## SMILEY WANG-EKVALL, LLP

### SCHEDULE OF HOURLY BILLING RATES

#### EFFECTIVE JANUARY 1, 2021

**Attorneys:**

| | |
|---|---|
| Lei Lei Wang Ekvall | $650.00 |
| Philip E. Strok | $650.00 |
| Kraig C. Kilger | $600.00 |
| Kyra E. Andrassy | $630.00 |
| Robert S. Marticello | $610.00 |
| Sharon Oh-Kubisch | $495.00 |
| Michael L. Simon | $390.00 |
| Timothy W. Evanston | $340.00 |

**Paralegal Professionals:**

| | |
|---|---|
| Janet Hogan | $265.00 |

**Law Clerks:**

| | |
|---|---|
| All Law Clerks | $175.00 |

(THESE RATES ARE SUBJECT TO PERIODIC ADJUSTMENT)

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000
Fax 714 445-1002    www.swelawfirm.com

# SMILEY | WANG-EKVALL

Insolvency. Real Estate. Business Litigation.

Kyra E. Andrassy

Timothy W. Evanston

Kraig C. Kilger

Robert S. Marticello

Sharon Oh-Kubisch

Michael L. Simon

Evan D. Smiley
(1966 - 2017)

Philip E. Strok

Lei Lei Wang Ekvall

June 4, 2021

**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

**VIA ELECTRONIC MAIL ONLY**

Mr. Donald Chae
2200 Sherwood Road,
San Marino, CA 91108
E-Mail: dc@mdproperties.com

**Re:    Engagement Letter and Legal Services Agreement**

Dear Mr. Chae:

This letter supplements the Engagement Letter dated June 3, 2021 (the "June 3, 2021 Engagement Letter").  All capitalized terms that are not defined herein shall have the definitions set forth in the June 3 2021 Engagement Letter.

I.    <u>Scope of Services</u>

The Services to be provided by the Firm to the Client shall be expanded to include the following:

Assist the Client in preparing and filing a Chapter 11 petition, schedules, and statement of financial affairs and other documents required to commence the Client's Chapter 11 case (the "Bankruptcy Case"), represent the Client in the Bankruptcy Case, and assist the Client in an effort to formulate, prepare and confirm a chapter 11 plan in the Bankruptcy Case.

The Firm has not agreed to perform any services beyond the above described Services,

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel  714 445-1000
Fax 714 445-1002    www.swelawfirm.com

2869934.2



**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 4, 2021
Page 2

II.    <u>The Firm's Fees and Costs</u>

The Firm's fees will be determined on an hourly basis in accordance with Section 2 of the Legal Services Agreement, and any costs incurred in connection with the engagement will be payable in accordance with Section 3 of the Legal Services Agreement.

As a condition to the Firm accepting this engagement with respect to the Services, as expanded above, the Firm is requiring an additional retainer in the sum of $75,000.00.  The retainer will be handled in accordance with Section 5 of the Legal Services Agreement.  Immediately prior to the filing of the Bankruptcy Case, the Firm will draw against the retainer to pay the Firm's fees and costs incurred at the time of the commencement of the Bankruptcy Case so that the Firm is not a creditor of the Client as of the time of the filing.

The Client agrees to periodically replenish the retainer during the Bankruptcy Case.  The amount of the retainer(s) does not represent an estimate of the fees and costs likely to be incurred during the Engagement.  The Firm's fees and costs may exceed the amount of the retainer(s).

Because the Firm lacks the financial resources to represent the Client throughout the entire duration of the Bankruptcy Case without receiving regular monthly payment of the Firm's fees and costs, the Firm may request, and the Client will support, the issuance of a so-called "Knudsen Order" or "face sheet payment procedure" in the Bankruptcy Case that allows the Firm to draw against the retainer and any additional funds available during the case to pay the Firm's fees and costs, and the Firm may seek to withdraw as counsel in the Bankruptcy Case if this order is not entered.

2869934.2



**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 4, 2021
Page 3

IV.    <u>Advice To Seek Counsel Regarding the Firm's Engagement</u>

The Firm represented itself (not the Client) in negotiating the terms of the engagement, this
Letter and the Legal Services Agreement, and therefore recommends that the Client obtain
independent legal counsel from another source regarding the engagement before executing
this Letter and the Legal Services Agreement.

2869934.2



**ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL**

Mr. Donald Chae
June 4, 2021
Page 5

### CONFIRMATION OF AGREEMENT

Client hereby engages the Firm to perform the Services described in this Letter and hereby agrees that this Letter and the Legal Services Agreement, which the Client has executed or will execute concurrently herewith, will govern the Engagement and all matters relating thereto, including the determination and payment of fees and costs, the waiver of certain conflicts of interest, and the method by which any disputes between the Firm and the Client will be resolved. The persons executing this Letter and the Legal Services Agreement on behalf of the Client hereby warrants and represents that such person is duly authorized and instructed and has the requisite right, power, authority and legal capacity to make, execute, enter into and deliver this Letter and the Legal Services Agreement on behalf of the Client.

Client:                              Donald Chae

Dated: June 4, 2021                  _____

2869934.2

EXHIBIT "2," PAGE 43

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF EMPLOYMENT OF SMILEY WANG-EKVALL, LLP, AS GENERAL BANKRUPTCY COUNSEL; STATEMENT OF DISINTERESTEDNESS OF ROBERT S. MARTICELLO** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **October 15,2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 15,2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Erithe Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| <u>October 15,2021</u>  Gabriela Gomez-Cruz | /s/ *Gabriela Gomez-Cruz* |
|---|---|
| *Date*          *Printed Name* | *Signature* |

2726834.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Timothy W Evanston     tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Amir Gamliel     amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- Daniel A Lev     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Patricia H Lyon     phlyon@frenchlyontang.com, mwoodward@frenchlyontang.com
- Robert S Marticello     Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards     ron@ronaldrichards.com, morani@ronaldrichards.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

2726834.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**